1  Stephen M. Doniger, Esq. (SBN 179314)
2  Scott A. Burroughs, Esq. (SBN 235718)
3  **DONIGER LAW FIRM**
   300 Corporate Pointe, Suite 355
4  Culver City, California 90230
5  Telephone (310) 822-6992
   Facsimile (310) 822-5969
6  Email: scott@donigerlawfirm.com

7  Attorneys for Plaintiff
8  L.A. PRINTEX INDUSTRIES, INC.

9  UNITED STATES DISTRICT COURT
10 CENTRAL DISTRICT OF CALIFORNIA

11

12 L.A. PRINTEX INDUSTRIES, INC., a      Case No.: CV 05-6074 DSF (AJWx)
   California Corporation,                _Before the Honorable Dale S. Fischer_
13
14                Plaintiff,              STIPULATION AND [PROPOSED]
                                          ORDER FOR VOLUNTARY
15        vs.                             DISMISSAL BASED ON
                                          SETTLEMENT OF THE ENTIRE
16 FASHION BUG, INC., a California        ACTION
17 Corporation; et al.
                                          PURSUANT TO {FRCP 41(a)(1)}
18                Defendants.
19

20              STIPULATION BY AND BETWEEN THE PARTIES
21      The parties, by and through their counsel of record, hereby stipulate and agree
22 as follows:
23      WHEREAS, Plaintiff L.A. PRINTEX INDUSTRIES, INC. ("Plaintiff") has
24 filed a THIRD AMENDED COMPLAINT ("Complaint") in connection with the
25 above-captioned action;
26      WHEREAS, FASHION BUG, INC., a California Corporation;
27 TILLY'S, INC., A New York Corporation; THE BUCKLE, INC., a Nebraska
28
                                    1
                            STIPULATION TO DISMISS

Corporation; GLOBAL CLOTHING NETWORK, INC.; a Nebraska Corporation; BIG M INC., a New Jersey Corporation, Individually and doing business as MANDEE'S; CHARMING SHOPPES, INC., a Pennsylvania Corporation; FASHION BUG #2858, INC., a California Corporation; FASHION BUG #3227, a California Corporation; FASHION BUG #3267, a California Corporation; FASHION BUG PLUS #8078, a California Corporation; CHARMING SHOPPES OF DELAWARE, INC., a Delaware Corporation; DESIGNS, INC., a Massachusetts Corporation; THE CATO CORPORATION, a Delaware Corporation; CASUAL MALE RETAIL GROUP, INC., a Delaware Corporation; BOB'S STORES, INC., a New Hampshire Corporation and DOES 1-10 (collectively referred to herein as "Defendants") have been named as defendants in the Complaint;

 WHEREAS, a resolution by confidential settlement agreement has been reached by and between the Plaintiff and Defendant GLOBAL CLOTHING NETWORK, INC. regarding Plaintiff's claims against the Defendants as alleged in this action;

 WHEREAS, Plaintiff now wishes to dismiss this action in its entirety on the grounds that the parties have reached a resolution by settlement agreement;

 WHEREAS, Plaintiff now wishes to voluntarily dismiss the entire action with prejudice as to GLOBAL CLOTHING NETWORK, INC., FASHION BUG, INC., a California Corporation; TILLY'S, INC., A New York Corporation; THE BUCKLE, INC., a Nebraska Corporation; BIG M INC., a New Jersey Corporation, Individually and doing business as MANDEE'S; CHARMING SHOPPES, INC., a Pennsylvania Corporation; FASHION BUG #2858, INC., a California Corporation; FASHION BUG #3227, a California Corporation; FASHION BUG #3267, a California Corporation; FASHION BUG PLUS #8078, a California Corporation; CHARMING SHOPPES OF DELAWARE, INC., a Delaware Corporation; DESIGNS, INC., a Massachusetts Corporation; THE CATO CORPORATION, a Delaware Corporation;

CASUAL MALE RETAIL GROUP, INC., a Delaware Corporation; BOB'S STORES, INC., a New Hampshire Corporation and DOES 1-10, with these dismissals subject to the provisions of the settlement agreement entered into by the Plaintiff and GLOBAL CLOTHING NETWORK, INC. and precipitating this dismissal;

IT IS HEREBY STIPULATED by the parties herein, through their counsels of record, as follows:

1. This action is to be dismissed with prejudice as to GLOBAL CLOTHING NETWORK, INC., FASHION BUG, INC., a California Corporation; TILLY'S, INC., A New York Corporation; THE BUCKLE, INC., a Nebraska Corporation; BIG M INC., a New Jersey Corporation, Individually and doing business as MANDEE'S; CHARMING SHOPPES, INC., a Pennsylvania Corporation; FASHION BUG #2858, INC., a California Corporation; FASHION BUG #3227, a California Corporation; FASHION BUG #3267, a California Corporation; FASHION BUG PLUS #8078, a California Corporation; CHARMING SHOPPES OF DELAWARE, INC., a Delaware Corporation; DESIGNS, INC., a Massachusetts Corporation; THE CATO CORPORATION, a Delaware Corporation; CASUAL MALE RETAIL GROUP, INC., a Delaware Corporation; BOB'S STORES, INC., a New Hampshire Corporation and DOES 1-10.

2. These dismissals are expressly conditioned on the terms and conditions of the confidential settlement agreement entered into by and between the Plaintiff and GLOBAL CLOTHING NETWORK, INC.

3. The Court will retain jurisdiction of this matter for sixty (60) days for the purposes of taking any action needed to enforce the terms of the confidential settlement agreement;

4. Each party is to bear its own costs and fees;

IT IS SO STIPULATED.

Dated: 9/5/06

Scott A. Burroughs, ~~Esq.~~
DONIGER LAW FIRM
Attorney for Plaintiff
L.A. Printex Industries, Inc.

Dated: _____

Andrew Jablon, Esq.
RESCH POELSTER et al.
Attorney for Defendants
FASHION BUG, INC., TILLY'S, INC., THE BUCKLE, INC. GLOBAL CLOTHING NETWORK, INC.; BIG M INC., MANDEE'S; CHARMING SHOPPES, INC., FASHION BUG #2858, INC., FASHION BUG #3227, FASHION BUG #3267, FASHION BUG PLUS #8078, a CHARMING SHOPPES OF DELAWARE, INC., a DESIGNS, INC., THE CATO CORPORATION, a CASUAL MALE RETAIL GROUP, INC., a; BOB'S STORES, INC.

## [~~PROPOSED~~] ORDER

The Court has reviewed the Stipulation set forth above and hereby incorporates said in this Order as if fully set forth herein. Accordingly the Court orders:

1. This action is to be dismissed with prejudice as to GLOBAL CLOTHING NETWORK, INC., FASHION BUG, INC., a California Corporation; TILLY'S, INC., A New York Corporation; THE BUCKLE, INC., a Nebraska Corporation; BIG M INC., a New Jersey Corporation, Individually

4
STIPULATION TO DISMISS

and doing business as MANDEE'S; CHARMING SHOPPES, INC., a Pennsylvania Corporation; FASHION BUG #2858, INC., a California Corporation; FASHION BUG #3227, a California Corporation; FASHION BUG #3267, a California Corporation; FASHION BUG PLUS #8078, a California Corporation; CHARMING SHOPPES OF DELAWARE, INC., a Delaware Corporation; DESIGNS, INC., a Massachusetts Corporation; THE CATO CORPORATION, a Delaware Corporation; CASUAL MALE RETAIL GROUP, INC., a Delaware Corporation; BOB'S STORES, INC., a New Hampshire Corporation and DOES 1-10.

3. These dismissals are expressly conditioned on the terms and conditions of the confidential settlement agreement entered into by and between the Plaintiff and GLOBAL CLOTHING NETWORK, INC.

4. The Court retains jurisdiction of this matter for sixty (60) days for the purposes of taking any action needed to enforce the terms of the confidential settlement agreement;

5. Each party is to bear its own costs and fees;

IT IS SO ORDERED.

Dated: 9/11, 2006

_____
UNITED STATES DISTRICT COURT
HONORABLE JUDGE DALE S. FISCHER

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: DONIGER LAW FIRM, 300 Corporate Pointe, Suite 355, Culver City, CA 90230.

On September 5, 2006, I served the attached document described as **Stipulation for Dismissal; [Proposed] Order** on all interested parties in this action:

```
Andrew Jablon
Resch Polster Alpert & Berger
10390 Santa Monica Boulevard
Fourth Floor
Los Angeles, CA 90025-6917
Fax: 310-552-3209
```

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

☒ by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

☒ BY MAIL
    ☒ I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.
☐ BY FACSIMILE
    ☐ On this date I caused to be transmitted to the above-mentioned Facsimile Number(s) the above-referenced document.
    ☒ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

EXECUTED September 5, 2006 in Culver City, California.

☒ I declare under penalty of perjury under the laws of the State of California that the above is true and correct. I further declare that I am employed in the offices of a member of the California Bar at whose direction this service was made.

_____
Scott A. Burroughs

PROOF OF SERVICE
1